# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2021

Lyle W. Cayce
Clerk

No. 20-60651
Summary Calendar

Jorge Alfredo Ortiz-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 945 919

Before Jolly, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Jorge Alfredo Ortiz-Hernandez, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his application for withholding of removal and relief under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60651

Against Torture (CAT). Ortiz-Hernandez specifically contends that the BIA erred in its conclusion that his proposed particular social group (PSG), Mexicans who have lived in the United States, was not a legally cognizable PSG, and that he did not establish that he would face persecution on account of this proposed PSG if he returned to Mexico. He also argues that the BIA erred in its conclusion that he was not eligible for relief under the CAT, contending that he would be tortured by the cartels if he returned to Mexico and that the Mexican government would acquiesce in his torture.

We review factual findings under the substantial evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Among the factual findings that we review for substantial evidence is the conclusion that an alien is not eligible for withholding of removal and for relief under the CAT. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Ortiz-Hernandez asserts that he would likely be persecuted in Mexico on account of his membership in his proposed PSG because people would perceive him as wealthy after having lived in the United States. However, substantial evidence supports the decision that Hernandez did not establish that he was a member of a legally cognizable PSG, particularly the conclusion that Mexicans who have lived in the United States is not a particular or socially visible group. *See Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018). Furthermore, his argument that the BIA abused its discretion by not employing the requisite case-by-case analysis in determining the cognizability of his proposed PSG is unavailing, as the BIA affirmed the IJ's decision in which the IJ applied the requisite analysis. *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). Ortiz-Hernandez has also failed to demonstrate a "clear

No. 20-60651

probability" of persecution based on his proposed PSG. *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018); *see Chen*, 470 F.3d at 1138. Ortiz-Hernandez does not present any evidence that he will be targeted for any reasons other than purely financial or general criminal motives, which we have held do not rise to the level of persecution or constitute persecution on account of a protected ground. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Additionally, while Ortiz-Hernandez cites to the general conditions of Mexico as evidence that he would face persecution, he does not show specific details indicating that he personally, on account of his proposed PSG, would be singled out for persecution. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

Substantial evidence also supports the decision that Ortiz-Hernandez failed to show that "it is more likely than not that he would be tortured" if he returned to Mexico. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citation omitted). Ortiz-Hernandez relies on a news article reporting the cartels' targeting of families and a 2017 human rights report on Mexico; however, he fails to show that the evidence compels the conclusion that it is more likely than not that he would be tortured if removed to Mexico. *See id.*; *Chen*, 470 F.3d at 1134. Furthermore, Ortiz-Hernandez's citation of general country conditions as evidence that he would be tortured do not suffice to show that the Mexican government would acquiesce to his torture, and his assertion that the Mexican government is unable to protect its citizens "does not necessarily amount to acquiescence." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).

Accordingly, the petition for review is DENIED.

3